

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2004

# Shapiro v. Prudential Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3805

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Shapiro v. Prudential Ins Co" (2004). *2004 Decisions*. Paper 1108.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1108

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No.: 02-3805
_____

STEPHEN SHAPIRO

Appellant

v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 99-CV-04325)
District Judge: Honorable Dennis M. Cavanaugh

_____

Submitted Under Third Circuit LAR 34.1(a)
on June 16, 2003

Before: ALITO, ROTH, and HALL* , Circuit Judges

(Opinion filed January 7, 2004)

_____

*The Hon. Cynthia H. Hall, Circuit Judge for the United States Court of Appeals
for the Ninth Circuit, sitting by designation.

ROTH, Circuit Judge;

Stephen Shapiro has appealed the judgment in favor of defendant Prudential Insurance Company of American entered by the United States District Court for the District of New Jersey.

Shapiro, a former employee of Lanier Worldwide, was covered for long-term disability (LTD) benefits by Lanier's Group Policy G-59115 (the plan), an employee benefits plan governed by ERISA. The plan provides LTD benefits for covered employees who meet all contractual requirements for such benefits, as follows:

Total Disability exists when Prudential determines that all of these conditions are met:

(1) Due to sickness or accidental injury, both of these are true:

(a) You are not able to perform, for wage or profit, the material and substantial duties your occupation.

(b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training, or experience. The Initial Duration is shown in the Schedule of Benefits.

(2) You are not working at any job for wage or profit.

(3) You are under the regular care of a Doctor.

In February 1996, Shapiro left work as a major account representative for Lanier. He applied and received short term disability benefits. His doctors anticipated that he would be able to return to work in March. Shapiro did not return.

In June 1996, Shapiro submitted a claim for LTD benefits under the plan. Shapiro's claim was approved, effective May 24, 1996. According to his medical records, Shapiro was suffering from a degenerative disc disease and a cervical herniated disc, making it difficult for him to carry his fifty-pound sales bag and twenty-pound laptop computer on sales calls.

On December 5, 1997, Prudential wrote Shapiro to notify him that part 1(b) of his plan's total disability definition would become effective May 24, 1998, pursuant to the policy's terms. To determine whether total disability continued as defined by part 1(b) of the plan, Prudential was going to conduct a thorough review of Shapiro's claim to ensure that he was still eligible for LTD benefits.

As a result of its review, two administrative appeals by Shapiro, a surveillance video, and a final administrative appeal, Prudential denied Shapiro's claim on the basis that Shapiro was capable of performing sedentary work. Shapiro then brought suit in District Court.

Both Shapiro and Prudential filed cross-motions for summary judgment. The District Court determined that Prudential's decision was not arbitrary and capricious and granted summary judgment for Prudential. Shapiro appealed.

We have jurisdiction of this appeal pursuant to 28 *U.S.C.* § 1291. We exercise plenary review over a District Court's grant of summary judgment. *Pi Lambda Phi Fraternity v. University of Pittsburgh*, 299 F.3d 435, 441 (3d Cir. 2000). Thus, we apply the same standard of review to Prudential's decision to deny benefits as the District Court should have applied. *Smathers v. Multi-Tool/Multi-Plastics Employee Health and Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002); *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000). Summary judgment is appropriate when the record discloses no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See F.C.R.P.* 56(c); *Cleotex v. Cartrell*, 477 U.S. 317 (1986).

We find that Prudential's initial termination of Shapiro's LTD benefits, and its subsequent decisions to uphold this termination, were based on Prudential's determination, supported by independent medical evaluations and objective observation, that Shapiro was able to perform sedentary work and was able to perform for wage or profit the material and substantial duties of any job for which he was reasonably fitted by his education, training, or experience. Because Prudential both funds and administers the benefits at issue here, its decision to terminate benefits is reviewed under a 'heightened arbitrary and capricious standard.' Pinto v. Reliance Standard Life Ins. Co., 214 F.3d 377,

4

378 (3d Cir. 2000). In view of the above, we cannot say that Prudential's decision was without reason, unsupported by substantial evidence, or erroneous as a matter of law. Thus, Prudential's decision was neither arbitrary nor capricious.

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

/s/  JANE R. ROTH
Circuit Judge